PER CURIAM.
D.P. appeals the trial court’s order denying his motion to intervene in the instant dependency action. We affirm.
The dependency proceeding involves the stepdaughter of D.P.’s son. When the child was initially adjudicated dependent, the Department of Children and Families (“DCF”) placed her in D.P.’s custody because D.P.’s son was presumed to be her biological father. Six months later, the child was removed from D.P.’s home because paternity testing established that D.P.’s son was not the child’s father. After removal, D.P. filed a motion seeking participant status as defined in section 39.01(50) of the Florida Statutes (2000), a motion seeking visitation, and a motion to intervene as a party in the dependency proceeding. The motions were all denied. The only ruling which has been timely appealed is the order denying D.P.’s motion to intervene.[1]
D.P. maintains that he is entitled to intervene in this dependency matter because he is a “relative”of the child, as that term is defined in section 39.01(60) of the Florida Statute (2000):
39.01 Definitions.—
* * *
(60) “Relative” means a grandparent, great-grandparent, sibling, first cousin, aunt, uncle, great-aunt, great-uncle, niece, or nephew, whether related by the whole or half blood, by affinity, or by adoption. The term does not include a stepparent.
(Emphasis added). D.P. contends that as a step-grandparent he is entitled to intervene because he is not specifically excluded from the definition in the statute. We disagree. The statute specifically excludes a stepparent from its definition and, therefore, D.P.’s son is excluded. It necessarily follows that D.P. is also excluded because his only tie to the child is through his son.
AFFIRMED.
THOMPSON, C.J., HARRIS, and PALMER, JJ., concur.

. Although the order denying D.P.'s participation was not appealed, it is difficult for this court to understand why DCF’s Marion County office objected to D.P.'s participation in the dependency proceeding and to consideration of D.P. for permanent placement of the child. In order to be recognized as a "participant” in a Chapter 39 proceeding, a party need only show that he is a "person whose participation may be in the best interest of the child.” § 39.01(50), Fla. Stat. (2000). Here, D.P. raised the child for six months and only lost custody of her because of the paternity test results. Therefore, he met the statutory definition and should have been permitted to be a participant in the proceeding. Fortunately, the trial court's improper refusal to grant him participant status was harmless in light of the fact that he received notice and an opportunity to be heard. We further note that this case demonstrates the problems which can occur when multiple offices of DCF fail to coordinate the placement of all siblings through a single office. While DCF’s Seminole County office approved D.P. for placement and subsequent adoption of the child's half-siblings, DCF's Marion County office fought D.P.'s attempts to participate in the proceedings and to adopt the child. These uncoordinated efforts have resulted in a split of this sibling group.